# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

PENNSYLVANIA NATIONAL MUTUAL
CASUALTY INSURANCE COMPANY,

    Plaintiff,

v.

BENJAMIN L. KIRSON and
KAREN L. KIRSON,

    Defendants.

Civil Action No. TDC-18-3275

## MEMORANDUM ORDER

Defendants Benjamin L. Kirson and Karen L. Kirson ("the Kirsons") have been found liable by the Circuit Court for Baltimore County, Maryland to Brionna Heckstall, the proposed Intervenor in this case, for $2,177,250 stemming from lead-paint exposure that Heckstall suffered while a tenant at the Kirsons' properties located at 2311 Harford Road and 1121 East 20th Street in Baltimore, Maryland. *See Heckstall v. Kirson*, No. 24-C-15-000776 (Cir. Ct. Balt. Cty. 2015). The Kirsons had an insurance policy ("the Policy") with Plaintiff Pennsylvania National Mutual Casualty Insurance Company ("Penn National") that covered at least one of the properties at issue in *Heckstall* for some portion of the time that Heckstall lived at that property. Penn National has filed this declaratory judgment action against the Kirsons seeking a court determination of the extent of its obligations under the Policy. Brionna Heckstall has filed a Motion to Intervene, in which she seeks intervention as of right or, in the alternative, permissive intervention. Penn National opposes the Motion. For the reasons set forth below, the Motion will be GRANTED, and Heckstall will be added as an Intervenor Defendant in this action.

A party may intervene as of right when it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The United States Court of Appeals for the Fourth Circuit has interpreted this language to require a party seeking to intervene as of right to meet four requirements: "(1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation." *Houston Gen. Ins. Co v. Moore*, 193 F. 3d 838, 839 (4th Cir. 1999). The third factor requires a showing that denial of the motion would result in the "[p]ractical impairment" of the movant's ability to protect its interest. *Feller v. Brock*, 802 F.2d 722, 730 (4th Cir. 1986). As to the fourth factor, a movant must demonstrate "adversity of interest, collusion, or nonfeasance." *Commonwealth of Va. v. Westinghouse Elec. Co.*, 542 F. 2d 214, 216 (4th Cir. 1976). The "burden of showing an inadequacy of representation is minimal." *Id.*

Here, there is no dispute that the first two factors are satisfied. The dispute relates to the last two factors, with Penn National asserting that Heckstall's interest in this declaratory judgment action would not be impeded if her Motion were denied because her interests are adequately represented by the Kirsons. Penn National asserts that while the Kirsons and Heckstall were adverse in the state court proceedings, in this action they share the same goal: to maximize Penn National's indemnification obligation. Heckstall, however, notes that while she and the Kirsons might have the same objective, they do not have the same resources. Specifically, Heckstall provides with her Reply an Affidavit from Benjamin Kirson in which he states that he and his wife

lack the financial resources to put on a "full defense." Kirson Aff. ¶ 6, Reply Ex. 1, ECF No. 21-1. Specifically, Kirson states that he and his wife have multiple lead-paint judgments against them, as well as several pending lead-paint cases for which they are uninsured, that his earnings are already being garnished to pay the outstanding judgments, and that he is 71 and his wife is 62 and undergoing cancer treatment. As a result of these debts and circumstances, the Kirsons are considering declaring bankruptcy.

The Court finds that on these facts, Heckstall has satisfied the third and fourth factors for intervention as of right. Benjamin Kirson's Affidavit establishes that the Kirsons are unlikely to be able to satisfy Heckstall's state court judgment against them and are also unlikely to be able to finance this lawsuit. Because the scope of Penn National's indemnification obligation will very likely define the scope of Heckstall's recovery, and because the Kirsons are likely, by their own admission, to be unable to mount a vigorous defense in this action, denial of Heckstall's Motion to Intervene would result in the practical impairment of her ability to collect on her state court judgment. *See Feller*, 802 F.2d at 730. The Court concludes that the third factor is satisfied. Likewise, where these facts create the possibility, because of strained financial circumstances, of nonfeasance on the part of the Kirsons, the Court concludes that the fourth factor is satisfied. *See Teague v. Bakker*, 931 F. 2d 259, 262 (4th Cir. 1991) (in concluding that the movant was entitled to intervention as of right, finding that inadequacy of representation was satisfactorily established in part because it was "undisputed that the insureds in this case have limited financial resources"); *see also Maxum Indem. Co. v. Biddle Law Firm, PA*, 329 F.R.D. 550, 556 (D.S.C. 2019) (finding the fourth factor satisfied where one of the non-intervenor defendants had declared bankruptcy because, as a result, the "defense may be less vigorous than Movants").

Alternatively, the Court finds that Heckstall has satisfied the elements of permissive intervention. Permissive intervention is warranted where the movant "has a claim or defense that shares with the main action a common question of law or fact" and where intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(B), (3). Penn National does not dispute that Heckstall's claim shares common questions of law and fact with its action against the Kirsons, but instead asserts that allowing Heckstall to intervene will unduly delay this action. On this point, Penn National asserts that Heckstall, if permitted to intervene, will move to stay this matter pending a decision by the Maryland Court of Special Appeals on the issue of how indemnification obligations are to be computed under Maryland law, which currently requires that such obligations be determined on a *pro rata* basis. That question is relevant here because Heckstall was exposed to lead paint in the Kirsons' property for over 2000 days, but Penn National contends that its insurance coverage—and thus indemnification obligation—extends to only 42 of those days.

While a stay would delay this matter, because the stay would be in place while a relevant, indeed crucial, question of Maryland law is before the Maryland courts, this Court is not persuaded that such a delay would be an undue one. Nor does the Court find that such a delay would unduly prejudice the adjudication of the original parties' rights, as a favorable ruling by the Maryland could would also advance the Kirsons' interest in maximizing Penn National's obligation. The Court thus finds that even if Heckstall were unable to establish that she is entitled to intervene as of right, she should be permitted to intervene.

Accordingly, it is hereby ORDERED that:

1. Intervenor Brionna Heckstall's Motion to Intervene, ECF No. 19, is GRANTED.

2. Heckstall must separately file her Answer within 14 days of the date of this Order.

3. The Clerk is directed to amend the docket to add Heckstall as an Intervenor Defendant.

Date: May 14, 2019



THEODORE D. CHUANG
United States District Judge